Birdie Amsterdam, J.
Defendant moves for dismissal of each cause of action pursuant to section 210 of the Civil Practice Act, upon the ground that plaintiff it not the real party in interest; for dismissal pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for legal insufficiency because plaintiff has an adequate remedy at law; and for an order pursuant to subdivision 2 of rule 102 directing plaintiff to bring in by amended or supplemental complaint one Erwin Citron and Excelsior Comercial Ltda. as additional and indispensable parties. No points are submitted in support of claimed insufficiency and that branch of the motion is withdrawn.
In the first cause, it is alleged that between August 13, 1958 and July 31, 1959, plaintiff caused to be delivered to the defendant’s predecessor and it did receive from the plaintiff certain shipments of mica and on the receipt thereof it did execute and deliver to the plaintiff its trust receipt. Pour trust receipts covering those shipments are attached to and made a part of the first cause. . Five additional causes are based on similar trust receipts covering shipments made between July 13, 1959 and December 14,1959. Each trust receipt defines the defendant as the “Trustee” and the plaintiff as “Entruster” and acknowledges receipt from the plaintiff of the listed documents representing the goods therein specified, “a security interest in both said documents and said goods remaining in or hereby passing to the Entruster”. The Trustee agrees to hold the documents and the goods in trust for the Entruster and subject to the Entruster’s security interest and to use them for the purpose of delivery to and in order to receive payment from customers to whom the merchandise has been sold by the Trustee. Further, the Trustee agrees to account by delivering to the Entruster immediately upon receipt thereof the proceeds of the sale of such goods, and the goods, documents and proceeds were to be held separate and apart from the property of the Trustee, such separation to be evidenced also in all of the Trustee’s records and entries. Each receipt further provides: “ The rights and powers of the Entruster specified herein or in any related agreement shall be in addition to and not in limitation of all rights to which the Entruster is or may be entitled under the provisions of the Uniform Trust Receipts Law of the State of New York, as amended from time to time and/or under *271 any other applicable statute or law now or hereafter existing at any time or times.”
Defendant asserts that the trust receipts are incomplete and that plaintiff acted as agent only for a disclosed principal to whom alone the causes belong. It is urged that since the owner may have some claim against the defendant and asserted after judgment, it is indispensable that the principals be brought in to be bound by the judgment. Defendant contends further that the plaintiff, the principals and the defendant have interests, which are several, in the goods, subject of the trust receipts, and that such interests are established by other existing writings, of which purported copies are submitted. One of the agreements expired before the period involved in the subject deliveries and two of the writings, it appears, were made thereafter. In any event, the trust receipts are complete in themselves and plaintiff is the proper party in interest. It is on those trust receipts that plaintiff bases its claim of right to relief in equity for an accounting, yet defendant has abandoned the claim of insufficiency based on the contention that plaintiff has an adequate remedy at law. If defendant believes additional parties are essential to the protection of its rights, they may be brought in to answer a counterclaim or by third-party action or otherwise, as the defendant may deem advisable.
The motion is denied in all respects.